**In re Jennifer E. KIRKPATRICK, Debtor.**

**Bankruptcy No. 96–54885.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

June 5, 1997.

Lee C. Mittman, Lee C. Mittman & Associates Co., L.P.A., Columbus, OH, for Debtor.

Gilda L. Spencer, Asst. U.S. Atty., Columbus, OH, for U.S. Internal Revenue Service.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

### ORDER DENYING MOTION FOR RELIEF FROM STAY

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on a motion by The United States of America on behalf of its agency, the Internal Revenue Service ("IRS"), seeking relief from the provisions of the automatic stay imposed by 11 U.S.C. § 362(a). The debtor opposed the motion and the Court heard the matter on April 1, 1997.

The Court has jurisdiction in this contested matter under 28 U.S.C. § 1334 and the general order of reference previously entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) which this bankruptcy judge may hear and determine.

IRS seeks relief from the automatic stay in this chapter 13 case to set off an overpayment of income tax in the amount of $1,735.00 for the tax year 1995 against certain prepetition liability for tax years 1992–1994. The prepetition liability was imposed on the debtor as a responsible officer for withholding taxes for a business with which she was associated. The debtor opposes the relief. She asserts that IRS is being paid under her plan as proposed and confirmed and, therefore, no grounds exist for relief from the automatic stay.

### Factual Background

The debtor filed her chapter 13 case on July 9, 1996. She scheduled IRS as a priority unsecured creditor in the amount of $15,000. The plan proposes to pay that claim in full, on a *pro rata* basis with allowed secured claims. After payment of allowed secured and priority unsecured claims, general unsecured claims are to be paid at a dividend of 15% plus any non-exempt proceeds from a pending personal injury action.

IRS initially objected to confirmation of the debtor's plan on the grounds that the debtor had failed to file an income tax return for tax year 1995 and the plan payments were insufficient to pay the IRS claim. The amount claimed by IRS is substantially higher than what the debtor had shown in her schedules.

In response to the objection to confirmation, the debtor amended her plan to increase her payments to the trustee. She also filed her 1995 Form 1040 return. On that basis the Court overruled the IRS objection and confirmed the plan on October 28, 1996. IRS then filed an amended proof of claim in the amount of $40,546.41 and claimed all of that amount as secured.

### Legal Discussion

Section 553(a) of the Bankruptcy Code recognizes any statutory or common law rights of setoff a creditor may have. Pursuant to federal nonbankruptcy statutes, IRS has

such rights. Any such rights, however, are subject to the automatic stay imposed by § 362(a) of the Bankruptcy Code. Setoff rights are further subject to the debtor's right to use property of the estate as provided by § 363 of the Bankruptcy Code, so long as adequate protection is provided to the creditor for the use of what is essentially cash collateral. Section 506(a) of the Bankruptcy Code recognizes the secured status of a matured right of setoff.

■ IRS alleges that it is entitled to relief from the automatic stay pursuant to § 362(d)(1) for cause. The debtor appears to be current in her plan payments to the trustee, however, and confirmation has foreclosed any right of the creditor to insist upon another means of payment such as application of the refund (surrender of the collateral). There has been no cause established under the statute, and IRS cannot, therefore, prevail in its motion for relief.

■ Because this issue arises in numerous cases, however, the Court will anticipate the debtor's request to require IRS to turn over the refund. Such payment to the debtor by IRS is analogous to cancellation of a lien. Monies which comprise the refund are cash collateral which provide security for the IRS claim to the extent of the refund amount. Despite the fact that IRS cannot set off the refund against the debtor's prepetition liability, however, IRS is not required to surrender its collateral (the refund) to the debtor until it has been paid an equivalent amount by the trustee. It is not that § 553 of the Bankruptcy Code trumps § 1327(c). It does not. Section 1327(c) remains subject to the requirements of § 363, however, and if the debtor wishes to use the IRS security (the overpayment of tax), the debtor must adequately protect IRS for that amount.

The Court notes that IRS claims to be secured by more than just the tax refund. Further, the parties did not present evidence regarding the amount IRS has been paid by the trustee. Therefore, the Court cannot determine when the refund properly will be payable to the debtor. Perhaps the parties can resolve that issue by agreement. If not, one of the parties must file a motion for further determination.

Based upon the foregoing, IRS' motion for relief from the automatic stay is **DENIED**.

**IT IS SO ORDERED.**